UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG RAYMOND SCHAFFER,<br><br>    Plaintiff,<br><br>    v.<br><br>JENNIE CLAY, et al.,<br><br>    Defendants. | Case No. 24-cv-04103-PCP<br><br>**ORDER DISMISSING PETITION IN PART, REQUIRING PETITIONER TO FILE A RESPONSE TO THIS ORDER, AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. Nos. 1, 7 |

Petitioner Craig Schaffer, a state prisoner proceeding *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. No. 6. The Petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Mr. Schaffer also has filed a motion to dismiss the state charges, which appears duplicative of the habeas petition, and a motion for permission to proceed in forma pauperis. Dkt. Nos. 1, 7.

Mr. Schaffer's motion to proceed in forma pauperis is DENIED because the initial assessment would exceed the filing fee for this habeas petition.

For the reasons given below, the Petition's request for release and for interference in the state criminal trial is DISMISSED, and the motion requesting release is DENIED. Mr. Schaffer must wait until his state criminal proceedings have concluded before seeking relief from those proceedings in a federal court.

If Mr. Schaffer wishes to challenge the conditions of his confinement, he must do so in a civil rights action. Mr. Schaffer must notify the Court in writing whether he wishes the Court to convert this habeas action to a civil rights action.

**I.    Discussion**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### A.     Release request

Mr. Schaffer asks for the criminal case against him to be dismissed, and for his release, because he believes (1) his commitment became unlawful after he was found incompetent to stand trial, (2) the incompetency finding was incorrect, and (3) his arrest followed entrapment, swatting, illegal surveillance, stalking by an unidentified person, and "electronic warfare." Pet. at 5.

The Petition reveals that Mr. Schaffer's criminal trial is ongoing. *See id*. at 2 (showing Mr. Schaffer has not yet had a criminal trial), 7 (asking this Court to dismiss the ongoing criminal case in state superior court). In an abundance of caution, the Court searched the records of the California state courts. These records confirmed that Mr. Schaffer's criminal case is ongoing. *See People v. Schaffer*, Case No. CRI-23020851 (San Francisco Cty. Super. Ct. filed Dec. 22, 2023).

The federal courts are required to abstain from considering Mr. Schaffer's habeas petition while it is ongoing, and until all state appeals have concluded. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that principles of comity and federalism prohibit a federal court from interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See id*. at 43–54. Circumstances which have been found sufficiently "extraordinary" include the lack of an adequate legal remedy in state court for the federal plaintiff, bias in the state court tribunal, and indefinite detention of the federal plaintiff without a bail hearing or without counsel in the state action. *See Mockaitis v. Harcleroad*, 104 F.3d 1522, 1528 (9th Cir. 1997) (discussing the lack of an adequate remedy in state court); *Gibson v. Berryhill*, 411 U.S. 564, 577–79 (1973) (concluding abstention was inappropriate due to the state court judge's bias); *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018) (discussing prolonged detention without a bail hearing); *Betschart v. Oregon*, 103 F.4th 607 (9th Cir. 2024) (concluding abstention was inappropriate where petitioner suffered indefinite detention without

counsel). Here, Mr. Schaffer does not complain of any such extraordinary circumstances. *See generally* Pet. Under *Younger*, this Court cannot interfere in the state trial court's criminal proceedings.

*Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *See Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 223 (9th Cir. 1994). *Younger* requires abstention even if the federal habeas petition attacks only the guilt phase of the petitioner's trial, while the pending state proceeding attacks only the penalty phase. *See Edelbacher v. Calderon*, 160 F.3d 582, 582–86 (9th Cir. 1998). Thus, Mr. Schaffer cannot seek release from the federal court until his criminal trial has concluded and he has unsuccessfully appealed to the First District Court of Appeal and to the California Supreme Court. *See* 28 U.S.C. § 2254(b), (c) (explaining the exhaustion requirement); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982) (same).

Mr. Schaffer's claims for release and for dismissal of his criminal charges are DISMISSED. This dismissal is without prejudice so that Mr. Schaffer may pursue a federal habeas action once state proceedings have concluded. *See* 28 U.S.C. § 2244(d) (noting one-year statute of limitations for filing of federal petition for writ of habeas corpus).

### B. Medical claims

Mr. Schaffer also claims that he is being forcibly medicated and forced to undergo "conversion therapy" related to his transgender identity, under which the "state hospital illegally changed [his] sex back to female." Pet. at 5. These claims do not concern a request for release, and so are not barred by the *Younger* doctrine. *See Bean v. Matteucci*, 986 F.3d 1128, 1135–36 (9th Cir. 2021) (holding *Younger* abstention was not required because the forcible administration of antipsychotic medications on a pretrial detainee constitutes a particularly severe invasion of liberty and the detainee's right to avoid forcible administration of medications cannot be fully vindicated after trial).

Although these claims are not barred by *Younger*, they cannot proceed in this habeas action. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871,

3

Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (citation omitted). The Ninth Circuit has held that if the claim "does not lie at the 'core of habeas corpus,' it *may not* be brought in habeas corpus but *must* be brought, 'if at all,' under § 1983." *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (emphases added, citations omitted). *See also Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").

Here, Mr. Schaffer's claims regarding medication and conversion therapy concern the conditions of his confinement and should be brought in an action under § 1983. A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Before doing so, a district court must advise the prisoner of the consequences of construing a habeas petition as a civil rights complaint and provide an opportunity to withdraw or amend the pleading. *See Nettles*, 830 F.3d at 936.

On or before May 30, 2025, Mr. Schaffer must file a written response indicating whether he wishes (i) the Court to convert this § 2254 habeas action into one filed under 42 U.S.C. § 1983; or (ii) for the Court to dismiss the remainder of the Petition. If Mr. Schaffer prefers neither option, he may file a notice of voluntary dismissal as his response to this order.

Before he chooses option (i), to ask the Court to convert this action to a civil rights action under 42 U.S.C. § 1983, Mr. Schaffer should be aware of the following. The filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $405.00 ($350.00 if pauper status is granted) and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted *in forma pauperis* status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to pay the filing fee for a habeas petition might feel otherwise about a civil rights complaint for which the $405.00 fee would be deducted from income to his prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. When an inmate accrues three "strikes," he is

4

barred from *in forma pauperis* status for all future cases.

Mr. Schaffer appears to be represented by counsel in his state criminal trial. *See generally* Pet. (referring to counsel). Mr. Schaffer may wish to consult with his state counsel as to whether his rights are more likely to be vindicated in state or in federal court, and as to whether counsel would be willing to represent him in a civil rights action concerning forced medication and conversion therapy.

If Mr. Schaffer chooses option (i), the Court then will set a deadline for him to file a complaint under 42 U.S.C. § 1983, and to file a complete application to proceed in forma pauperis (or pay the full filing fee). He may also move for appointment of pro bono counsel at that time.

## II.    CONCLUSION

Mr. Schaffer's claims requesting release and dismiss of the criminal charges against him are **DISMISSED**. Dismissal is without prejudice to Mr. Schaffer filing a new habeas action after his state criminal trial and all state-court appeals have concluded. Mr. Schaffer's motion to dismiss the charges against him is **DENIED**.

On or before **May 30, 2025**, Mr. Schaffer must file a written response indicating whether he wishes (i) the Court to convert this § 2254 habeas action into one filed under 42 U.S.C. § 1983; or (ii) for the Court to dismiss the remainder of the Petition.

**Failure to file a response in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.** For the reasons explained above, this dismissal would be without prejudice.

Mr. Schaffer's *in forma pauperis* application is **DENIED** because the initial assessment would exceed the filing fee for a habeas action. *See* 28 U.S.C. § 1915(b)(1) (requiring a court to assess an initial filing fee of 20 percent of a prisoner's average monthly deposits or monthly balance, whichever is greater).

It is Mr. Schaffer's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure

41(b).

**IT IS SO ORDERED**.

Dated: March 31, 2025

P. Casey Pitts
United States District Judge